IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
NORTHERN DIVISION

| | |
|---|---|
| **GLEN KELLEY** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 3:14-CV-00656-DRH-PMF |
| v. ) | |
| ) | |
| **CAPITAL MANAGEMENT SERVICES, LP** ) | |
| ) | |
| Defendant. ) | |
| Serve Defendant at: ) | |
| CSC-Lawyers Incorporating Service Company ) | |
| 221 Bolivar Street ) | |
| Jefferson City, Missouri 65101 ) | JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff, Glen Kelley, and for his Complaint states as follows:

### INTRODUCTION

1.  This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2.  This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

### PARTIES

3.  Plaintiff is a natural person currently residing in Madison County, Illinois. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

4.  Upon information and belief, Defendant is a foreign corporation with its principal place of business in Buffalo, New York. The principal business purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## **FACTS**

6. Plaintiff had previously retained The Reames Law Firm in Wood River, Illinois to represent him in matters involving his consumer debts.

7. Plaintiff was indebted to One Main Financial for approximately $11,000.

8. One Main Financial had begun calling Plaintiff's spouse at work in an attempt to collect the debt owed to them.

9. Plaintiff requested One Main stop contacting his wife at work. One Main Financial refused to do so.

10. On January 7, 2013, Joseph Reames, of The Reames Law Firm, sent a letter of representation to One Main Financial informing them of his representation of Plaintiff and instructing One Main Financial to direct a future communications to him and his office.

11. One Main Financial did not honor Mr. Reames' request and continued to contact Plaintiff directly.

12. In an effort to harass and intimidate Plaintiff in paying the debt, One Main Financial hired Defendant to collect the debt from Plaintiff.

13. Instead of directing their collection attempts to Reames Law, as previously requested of One Main Financial by the Plaintiff, Defendant sent three collection letters to Plaintiff.

14. The first letter was mailed on or around July 13, 2013.

15. This letter was an attempt to collect a debt from Plaintiff.

16. Defendant knew or should have known that Plaintiff was represented by counsel on the One Main Financial debt, because the communication from Reames Law should have been a part of Plaintiff's collection file.

17. Plaintiff never consented to being contacted by the Defendant.

18. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to cellular phone charges, anxiety, sleeplessness, and worry.

### **COUNT I: VIOLATION OF THE FDCPA**

19. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

20. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

   a. Communication with a consumer that the Defendant knows or should know to be represented by counsel. 15 USC 1692 (c) (a) (2).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E. For such other relief as the Court may deem just and proper.

**THE EASON LAW FIRM, LLC**

s/ James W. Eason

_____
**JAMES W. EASON, #6281329
THE EASON LAW FIRM, LLC
124 Gay Avenue, Suite 200
St. Louis, Missouri 63105
Phone: (314) 932-1066
Fax:     (314) 667-3161
james.w.eason@gmail.com**